FILED

NOT FOR PUBLICATION

MAR 20 2015

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AGUSTIN JESUS NEVAREZ,<br><br>    Petitioner - Appellant,<br><br>  v.<br><br>HEIDI M. LACKNER, Warden,<br><br>    Respondent - Appellee. | No. 12-16610<br><br>D.C. No. 4:11-cv-00974-PJH<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted November 18, 2014**
San Francisco, California

Before: BERZON and RAWLINSON, Circuit Judges, and LYNN, District
Judge.***

---

    *       This disposition is not appropriate for publication and is not
precedent except as provided by 9th Cir. R. 36-3.

    **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

    ***     The Honorable Barbara M.G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

Agustin Jesus Nevarez appeals the district court's denial of his habeas petition, claiming improper closing argument by the government in his criminal trial. Under the AEDPA, this Court may reverse the district court's decision and grant Petitioner relief only if it finds that the California Court of Appeal's decision denying his appeal was "contrary to or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or if it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) and (2). This Court reviews a district court's denial of a writ of habeas corpus de novo. *Houston v. Schomig*, 533 F.3d 1076, 1079 (9th Cir. 2008). Having done so, we affirm.

Petitioner was convicted of two counts of forcible rape of two minor girls. He appealed, and his conviction was affirmed by the California Court of Appeal. This Court issued a certificate of appealability from the district court's decision denying Petitioner's application for a writ of habeas corpus under 28 U.S.C. §2254(d) as to one issue: whether the government committed prosecutorial misconduct during closing argument. During the closing argument, the government stated that Petitioner began "hook[ing] up" with his wife when she was only 14 years old, and added, "I don't know, I don't know what that tells you

about his preferences in age of girls." The government also implied that Petitioner wanted to have sex with one of the victims because his marriage was in trouble and he was probably not having sex with his wife. The government had presented evidence from Petitioner's wife that their marriage had deteriorated after the birth of their first child, but there was no direct evidence that Petitioner was not having sexual relations with his wife. After a jury verdict in favor of the government, the trial court entered a judgment against Petitioner, who appealed.

The California Court of Appeal held that the government had committed no misconduct, but merely made a "fair comment on the evidence." That holding was not contrary to, nor was it an unreasonable application of, clearly established federal law; nor did the California Court of Appeal unreasonably determine the facts in light of the evidence presented.

The standard for prosecutorial misconduct is set forth in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). It requires a petitioner claiming a prosecutor's comments to be improper to show that they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Id.* (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)). Applying that standard, the California Court of Appeal's conclusions that (1) the government had drawn permissible inferences from the evidence and (2) even if the prosecutor's

comments were improper, "they did not infect the trial with unfairness such that Nevarez's due process rights were violated," neither rested on a standard different from *Darden* nor unreasonably applied the *Darden* standard.

For these reasons, we **AFFIRM** the district court's dismissal of Petitioner's habeas petition.

**AFFIRMED.**